UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JAMES E. BUTNER, III, as Trustee of the James E. Butner Irrevocable Trust Agreement,<br>        Plaintiff,<br><br>vs.<br><br>SECURITY LIFE OF DENVER LIFE INSURANCE COMPANY d/b/a ING; SWAIN BEARD; and BB&T INSURANCE SERVICES, INC.,<br>        Defendants. | 4:12-cv-00036-RLY-WGH |

**ENTRY ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

James E. Butner, III, as Trustee of the James E. Butner Irrevocable Trust Agreement ("Plaintiff"), moves to amend his Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants, Swain Beard ("Beard") and BB&T Insurance Services, Inc. ("BB&T") (collectively "Defendants"), oppose Plaintiff's motion. For the reasons set forth below, the court **DENIES** Plaintiff's motion. However, because defendant Security Life of Denver Life Insurance Company ("ING") has not opposed Plaintiff's motion, the court **GRANTS** the motion as to ING.

**I.    Motion to Amend Standard**

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ.

1

P. 15(a)(1)(B). As a general rule, leave to amend the complaint is granted liberally. *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007). The court, however, may deny leave to amend if amendment would be futile. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A "proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Insurance Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Freeland v. I.R.S.*, 264 B.R. 916, 920 (N.D. Ind. 2001) ("The proposed amendment must survive the strictures of a motion to dismiss.").

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." The running of the statute of limitations is an appropriate ground for dismissal if it is apparent on the face of the complaint. *Theriot v. Captian James Sprinkle, Inc.*, No. 93-3709, 1994 WL 287392 (7th Cir. June 28, 1994) (citing *Rylewicz v. Beaton Services, Ltd.*, 698 F. Supp. 1391, 1398 (N.D.Ill. 1988)). To properly state a claim, a complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallet v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997). In accordance with this

standard, the facts outlined below are accepted as Plaintiff alleges them.

Lastly, when a plaintiff refers to documents in a complaint that are central to the claims alleged, those documents become part of the pleadings. *McCready v. Ebay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). This is true even when, as here, the defendant attaches the document in support of a motion to dismiss. *Id.* Thus, a court may consider such a document without converting a motion to dismiss into a motion for summary judgment. *Id.* at 891-92. In the present case, Plaintiff refers to the Policy in detail in the Amended Complaint, the Policy is central to Plaintiff's claims, and the parties do not dispute its contents. Accordingly, because Defendants attached the Policy in support of the Motion to Dismiss, the court will regard the Policy as part of the pleadings.

## II.   Background

BB&T is an insurance business authorized to sell insurance contracts for certain insurers, including, but not limited to, defendant ING. (Docket # 14-1, ¶ 6 ("Amended Complaint")). Beard, an employee of BB&T, solicited James E. Butner, Jr. ("Butner"), the grantor of the Trust, to purchase a life insurance policy from ING. (*Id.* ¶ 20). During a meeting with Butner and on his behalf, Beard completed the "Application for Insurance," which both men signed on October 21, 2008. (Docket # 24-1 at 63 ("Policy")).

On October 30, 2008, Butner submitted to a medical examination—performed by an ING representative—that required disclosure of prescription, nonprescription, and illegal drug use. (Amended Complaint ¶¶ 42-44; Policy at 64). Although Butner

accurately reported his use of medication for mild cholesterol, he did not report his use of preventative medication for Alzheimer's disease. (Policy at 65).

On December 8, 2008, ING issued a Life Insurance Policy ("Policy") to Butner for which he fully paid the policy premium of $87,500.00. (Amended Complaint ¶ 60). On December 18, 2008, Plaintiff signed an "Amendment to Original Application" that provided for a total death benefit of $725,000.00. (*Id.* ¶ 61). Butner died of cancer on July 28, 2010. (*Id.* ¶ 62). That same day, Butner's wife made a request upon ING for the death benefit. (*Id.* ¶ 65). On February 28, 2011, ING denied Plaintiff the death benefit, claiming that Butner made material misrepresentations to ING by not listing the preventative medication for Alzheimer's disease. (*Id.* ¶ 67).

Plaintiff's proposed Amended Complaint asserts five causes of action against Defendants and ING for the continued denial of the death benefit: negligence, fraud, estoppel, breach of contract, and punitive damages. Plaintiff also asserts a bad faith claim against ING. Defendants urge the court to deny Plaintiff's Motion to Amend on grounds that an amendment would fail to withstand a Rule 12(b)(6) motion to dismiss. They submit that the statute of limitations bars the claim of negligence and that Plaintiff has failed to state claims of fraud, estoppel, and breach of contract.

### III. Discussion

#### A. Statute of Limitations on Negligence Claim

Plaintiff alleges that Beard failed to adequately advise Butner through the application process, that he failed to fully question Butner about his medical history, and

that he misrepresented the sufficiency of Butner's information for the purpose of procuring insurance. (Amended Complaint ¶¶ 28, 30-34).[1] The parties agree that the applicable two-year statute of limitations applies to Plaintiff's negligence claim. *See* Ind. Code § 34-11-2-4. Generally, "'the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew, or in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another.'" *Filip v. Block*, 879 N.E.2d 1076, 1082 (Ind. 2008) (quoting *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)). Because both parties rely upon *Filip*, it merits a brief discussion.

In that case, the Filips procured a commercial policy of insurance that, based upon the assurances of their insurance agent, they reasonably believed covered not only their business property but also their nonbusiness personal property. *Id.* at 1079. After a fire destroyed their business property, they learned that a substantial amount of their loss was uninsured. *Id.* The Indiana Supreme Court held that the Filips' claim against their agent for negligent procurement of the wrong coverage "begins at the start of coverage if the breach was discoverable at that time through ordinary diligence." *Id.* at 1082. The Court reasoned that the deficiencies in coverage "were ascertainable simply by reading the

---

[1] Several of Plaintiff's allegations simply state that Defendants "were negligent" in the ways in which they conducted business with Butner. (Amended Complaint ¶¶ 77-80). Plaintiff also alleges that Defendants and ING "assumed additional duties" owed to Butner and Plaintiff, without explaining what those duties were or why they were assumed. (*Id.* ¶ 76). Allegations of negligence are legal conclusions and merely couching them as factual allegations does not support a claim of negligence. *Twombly*, 550 U.S. at 555.

policy," and thus, the statute of limitations "began to run on or shortly after the activation of the policy . . . ." *Id.* at 1084. The Court's reasoning similarly applies in the insurance application process. *Brennan v. Hall*, 904 N.E.2d 383, 387 (Ind. Ct. App. 2009) ("An applicant who signs an [insurance] application containing material misrepresentations is chargeable with the knowledge of the false statements and must be held to have adopted them as his or her own." (internal citation omitted)); *see also Metro. Life Ins. Co. v. Alterovitz*, 14 N.E.2d 570, 574 (Ind. 1938) ("It is the duty of every man to read what he signs. His failure to do so will or should not relieve him or allow him to avoid the contract.").

In the present case, Plaintiff alleges that Beard misrepresented to Butner that the prescription medicine information Butner provided in the initial interview, which was repeated during the medical examination, satisfied the requirements of the contract. (Amended Complaint ¶ 31). Distinguishing *Filip* from the present case, Plaintiff contends that nothing on the face of the policy would have put Butner on notice of a negligence claim. (Docket # 16 at 9-10 ("Response to Motion to Dismiss")). Above Butner's signature, however, the Medical Examination states, "I have read the statements given in the examination and affirm that they are complete and true to the best of my knowledge and belief." (Policy at 65). Butner's signature indicates that he had the opportunity to review the questions, his answers, and any discrepancy between Beard's representation and the plain language requirements of the application. *See Filip*, 879 N.E.2d at 1082 (affirming that "a claim against an agent for negligent procurement begins

at the start of coverage if the breach was discoverable at that time through ordinary diligence").

The allegations, viewed in favor of Plaintiff, indicate that Plaintiff knew or should have known when he signed the application that his medical information was incomplete. Accordingly, the limitations period began to accrue on October 21, 2008, when Butner signed the application. (Amended Complaint ¶ 61). Because Plaintiff filed his complaint on March 23, 2012, Indiana's two-year statute of limitations bars his negligence claim. Therefore, an amendment would be futile.

### B.    Fraud

Defendants argue that Plaintiff has failed to state a claim of either actual or constructive fraud because the alleged misrepresentation relates to future events. (Response to Motion to Amend at 5-6). Defendants also argue that Plaintiff has failed to plead fraud with sufficient particularity. (*Id.* at 6). Although a complaint need not contain legal theories, it must allege sufficient facts, viewed in Plaintiff's favor, to support a claim upon which relief may be granted. *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008).

Regarding Defendants' former argument, alleging a misrepresentation of future facts does not vitiate a fraud claim. "[C]onstructive fraud can be based on future promises." *Skinner v. Metro. Life Ins. Co.*, 829 F. Supp. 2d 669, 680 (N.D. Ind. 2010) (citing *Paramo v. Edwards*, 563 N.E.2d 595, 598 (Ind. 1990)). Constructive fraud arises when there is: 1) a duty existing by virtue of the relationship between the parties, 2)

7

representations or omissions made in violation of that duty, 3) reliance thereon by the complaining party, 4) injury to the complaining party as a proximate result thereof, and 5) the gaining of an advantage by the party to be charged at the expense of the complaining party. *Biberstine v. New York Blower Co.*, 625 N.E.2d 1308, 1315-16 (Ind. Ct. App. 1994) (citing *Medtech Corp. v. Ind. Ins. Co.*, 555 N.E.2d 844, 850 (Ind. Ct. App. 1990)).

In Indiana, establishing either actual or constructive fraud requires the plaintiff to show that he reasonably relied upon an alleged misrepresentation or omission. *Bilimoria Computer Sys. v. Am. Online, Inc.*, 829 N.E.2d 150, 155 (Ind. Ct. App. 2005), *McWaters v. Parker*, 995 F.2d 1366, 1372 (7th Cir. 1993) (citing *McDaniel v. Shepherd*, 577 N.E.2d 239, 243 (Ind. Ct. App. 1991)). "To demonstrate reasonable reliance, the [P]laintiff must show not only that he in fact relied on the misrepresentations, but also that he had a right to rely on them." *McWaters*, 995 F.2d at 1372 (applying Indiana law). The traditional rule is that an injured party has no right to rely upon representations where he or she fails or neglects to read the available written instrument. *Plohg v. NN Investors Life Insurance Company, Inc.*, 583 N.E.2d 1233, 1237 (Ind. Ct. App. 1992). Indiana law recognizes, however, that the general duty to read does not always apply to complex insurance policies. *Id.* Instead, whether a party reasonably relied upon an agent's representations of the content within a complex policy is a question of fact. *Id.* (citing *Medtech Corp.*, 555 N.E.2d at 850 (determining that while the insured has a general duty to read the contents of a policy, reasonable reliance upon an agent's misrepresentations of the policy may override the insured's duty to read)).

In the present case, Plaintiff alleges that "Beard misrepresented to Butner that the health and prescription information which Butner provided in that initial, cursory interview was sufficient to satisfy the requirements of the insurance contract." (Amended Complaint ¶ 31). Plaintiff further alleges that Beard made several "omissions" and "failed to advise" Butner during the initial interview and thereafter. (*Id.* ¶¶ 28, 30, 32-36). Viewed in Plaintiff's favor, a claim of fraud based on these allegations would not survive a motion to dismiss because Plaintiff cannot show that Butner reasonably relied upon Beard's alleged misrepresentations and omissions. Although the fact finder determines whether reliance upon an agent's representations of coverage is reasonable, *Medtech*, 555 N.E.2d at 850, that inquiry does not apply to the present case. Rather than complex terms of coverage hidden within pages of legalese, Beard's alleged misrepresentations and omissions involved a straightforward application for insurance.

Indiana courts have not extended *Medtech*'s reasonable reliance exception to cases in which the insured relies upon an agent's oral misrepresentation of the contents of an application for insurance. *See Wiggam v. Assocs. Fin. Servs.*, 677 N.E.2d 87, 91 (Ind. Ct. App. 1997) (declining to extend *Medtech*'s reasonable reliance exception when the instrument in question is an unambiguous application for insurance). Because the *Medtech* exception does not apply, the "general rule that one is bound to know and understand the contents of written documents he or she signs" governs. *Id.* The plain language of the "Medical Examination" unambiguously directs the applicant to list the prescription and non-prescription medications the applicant currently uses. (Policy at 65).

Further, it requires the applicant to attest that the information contained therein is complete and true. *Id.* Absent a right to rely upon Beard's representations, Butner was bound to have known and understood the application he signed. *See Wiggam*, 677 N.E.2d at 91 (holding that *Medtech*'s deviation from the traditional rule is justified by the complex nature of insurance contracts, and that it does not apply when the written instrument is a straightforward application for insurance). Therefore, because Plaintiff cannot establish that Butner possessed a right to rely upon Beard's representations of the Application for Insurance, an amendment of Plaintiff's claim of actual and/or constructive fraud would be futile.

    **C.    Estoppel**

Plaintiff's claim of estoppel appears to rest upon Butner's alleged reliance on Defendants' representations of the Application for Insurance. Although Plaintiff does not specify whether he is bringing an equitable or promissory estoppel claim, the court has discerned, to the best of its ability, that Plaintiff intended to bring a claim of equitable estoppel. Nevertheless, because Defendants address promissory estoppel in Docket # 25 (Response to Motion to Amend), it merits brief comment.

The doctrine of promissory estoppel is applicable where there is:
1) a promise by the promisor; 2) made with the expectation that the promisee will rely thereon; 3) which induces reasonable reliance by the promisee; 4) of a definite and substantial nature; and 5) injustice can be avoided only by enforcement of the promise. *G&S Holdings*, 2011 WL 855345, at *15 (N.D. Ind. Mar. 8, 2011) (citing *Kacak v. Bank*

*Calumet, N.A.*, 869 N.E.2d 1239, 1242 (Ind. Ct. App. 2007)).  Plaintiff has not alleged that Defendants made any affirmative oral promise.  Therefore, based on the face of the Amended Complaint with all inferences made in Plaintiff's favor, no claim of promissory estoppel could survive a motion to dismiss.

Equitable estoppel requires three elements: 1) false representation or concealment of material facts made with actual or constructive knowledge of falsity; 2) representation made to one without knowledge or reasonable means of knowing true facts, with intent to induce reliance; and 3) detrimental reliance.  *Paramo*, 563 N.E.2d at 598 (Ind. 1990).  Furthermore, the party invoking estoppel—either as a defense or a cause of action—must plead it with particularity, "'with every essential fact being set forth, for nothing can be supplied by inference or intendment and, indeed, if there is any ground for inference or intendment, it will be against and not in favor of estoppel.'"  *State Farm Mut. Auto. Ins. Co. v. Sellers*, 2012 U.S. Dist. LEXIS 46119, at *23 n.4 (N.D. Ind. Mar. 30, 2012) (quoting *Schill v. Choate*, 247 N.E.2d 688, 696 (Ind. App. 1969)).

In the present case, Plaintiff summarily alleges that Butner and Plaintiffs, to their detriment, relied upon Defendants' "statements" and "representations."  (Amended Complaint ¶¶ 104-07).  Such conclusory statements amount to "formulaic recitation[s] of the elements of a cause of action," and the court does not consider them in making its decision.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, Plaintiff incorporates allegations made elsewhere in the Amended Complaint that could support the estoppel claim: that Beard misrepresented the sufficiency of the information that

11

Butner provided, that Beard "failed to inquire to other persons" who might have provided prescription information, that Beard "failed to advise" Butner to "more fully research" other medications he might have used, and that he would need to provide complete answers during the medical examination. (Amended Complaint ¶¶ 31, 34-36).

Even considering these allegations, Plaintiff's claim of equitable estoppel would likewise fail to survive a motion to dismiss for failure to state a claim. Plaintiff cannot establish that Butner reasonably relied upon Beard's representation of the application requirements. *See Wiggam*, 677 N.E.2d at 91 (refusing to extend *Medtech*'s reasonable reliance exception to plaintiffs' claims of fraud and promissory estoppel, which were based on an agent's alleged misrepresentation of an insurance application); *Am. Family Mut. Ins. Co. v. Jeffery*, 2000 U.S. Dist. LEXIS 12225, at *14 (S.D. Ind. Aug. 11, 2000) (noting that when applying the doctrine of equitable estoppel, Indiana courts have limited the *Medtech* exception to the general duty to read a written instrument to insurance policies). Thus, even if Plaintiff could prove that Defendants and ING made false representations or concealments upon which Butner and Plaintiff relied, Plaintiff could not recover on a theory of estoppel because the reliance concerned a straightforward application for insurance. *Id.* Therefore, an amendment of Plaintiff's estoppel claim would be futile.

### D. Breach of Contract

Plaintiff's breach of contract claim against Defendants is misplaced. In the proposed Amended Complaint, Plaintiff conflates the signing of the "initial contract

documents" with that of an insurance policy by suggesting that Beard bound himself and his employer to a contract with Plaintiff when, as an authorized representative, he signed the "Application for Insurance" on October 21, 2008. (Amended Complaint ¶ 91). Plaintiff, however, alleges that "Beard and BB&T were authorized to *sell and bind* insurance contracts for . . . ING," indicating Plaintiff's understanding that ING, rather than Defendants, is the insurer. (*Id.* ¶ 12 (emphasis added)). Perhaps most important to the conclusion that no contract existed between Plaintiff and Defendants is the absence of either Defendant's signature on the Policy. Therefore, because no contract existed between Plaintiff and Defendants, an amendment of the breach of contract claim would be futile.

   **E.** **Punitive Damages**

  Whether Plaintiff's claim for punitive damages against Defendants can survive a motion to dismiss depends on the survival of his claims in tort—negligence and fraud. As set forth above, Plaintiff's claims of negligence and fraud would not survive a motion to dismiss. Therefore, an amendment of the claim for punitive damages would be futile.

**IV.** **Conclusion**

  For the reasons set forth above, the Motion to Amend Complaint (Docket # 14-1) is **DENIED** as against Beard and BB&T. Amendment is **GRANTED** as to ING. The

court orders Plaintiff to file the Amended Complaint within **10 days** of the date of this Entry.

**SO ORDERED** this 27th day of July 2012.

                                       RICHARD L. YOUNG, CHIEF JUDGE
                                       United States District Court
                                       Southern District of Indiana

Electronic Copies To:

Katherine L. Crosby
TACHAU MEEK PLC
kcrosby@tachaulaw.com

Brian F. Haara
TACHAU MEEK PLC
bhaara@tachaulaw.com

David T. McDowell
EDISON, McDOWELL & HETHERINGTON LLP
david.mcdowell@emhllp.com

Matthew J. Schad
SCHAD & SCHAD
mschad@schadlaw.com

Robert T. Watson
McBrayer McGinnis Leslie & Kirkland, PLLC
rwatson@mmlk.com